[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party plaintiff, Gertrude Sheppard (Sheppard), brings this action for indemnity against BST Systems, Inc. (BST) to recover for moneys paid to the plaintiff Dennis Gianquitti. He was injured while repairing an overhead door which fell upon him causing injuries to his back. Sheppard settled the case for $7,000 and now seeks to recover that amount, plus costs and attorney's fees.
BST claims that it was not in exclusive control of the door; that Sheppard failed to establish that she had no reason to anticipate BST's negligence, nor that there was a breach of an independent legal duty, nor did she give notice or make a demand on BST for indemnification or a defense.
Facts
After a trial of the action, the court finds the following facts to be proven.
Gianquitti was employed by BST. He was ordered by BST to go to a building owned by Sheppard to repair a door latch. The door was between a common area hallway and a room leased by BST from Sheppard. When he attempted to fix the latch, a loose hinge gave way and the door fell upon him causing injury to his back.
Testimony at the trial disclosed that Mr. Sheppard managed the property for his wife. There was no written lease at the time of the accident. BST had the only key to the door and Sheppard could not enter the leased area without the permission of BST who had sole possession of the key to the door. BST discovered the defective latch and hinge and sent Gianquitti to make repairs, all without any knowledge of Sheppard.
After the plaintiff brought this action against Sheppard, she filed suit for indemnity against BST, claiming that it had exclusive control of the door, was negligent in failing to maintain it; that its negligence was the proximate cause of the plaintiffs injuries and finally that Sheppard did not know CT Page 10412 of the negligence of BST, had no reason to anticipate it and reasonably relied on BST to act without negligence.
Based upon the testimony at the trial, the court finds that Sheppard proved the foregoing facts as found by the court.
Discussion
The defendant claims that Sheppard failed to give notice or make demand for BST to pay the claim or defend it. In fact, the court finds that Sheppard brought this third party action on July 16, 1996, claiming that BST was responsible for the plaintiff's claim against her. The plaintiff's case was not withdrawn until April 30, 1997, a period of time in which BST had ample opportunity to defend or settle the case.
The court, therefore, rejects this claim as not supported by the procedural facts.
The court, therefore, finds in favor of Sheppard and awards her $7,000 in indemnity.
Sheppard next claims attorney's fees and costs for defending the original action. The court finds that she is entitled to such despite BST's claim to the contrary. Case law clearly supports such a claim. As ruled above, BST had ample opportunity to settle the case or take over its defense. It cannot now claim it had no opportunity to do so.
The defendant also objects to attorney's fees on the grounds that they were not disclosed prior to trial. The court finds that since they were not to be awarded unless and until Sheppard prevailed in her third party action, she was not required to disclose them prior to that time.
The defendant next claims that the attorney's fees of $11,865 are excessive. It also claims that the fees must be limited to a reasonable amount incurred only after BST was brought into the case. The court agrees. Attorney Bruce Raymond, who was the only witness regarding the fees, admitted several errors in the affidavit regarding the fees and also that the list of fees was based upon hearsay from employees in his office rather than on his personal knowledge. CT Page 10413
Based upon the testimony, the court finds a reasonable fee to be $4,000. In addition, the court awards costs in the amount of $772.29.
Thus, judgment may enter for the third party plaintiff in the amount of $7,000 for indemnity, $4,000 for attorney's fees and costs of $772.29.
D. Michael Hurley Judge Trial Referee